IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KARY L. CARTER,<br><br>           Plaintiff,<br><br>   v.<br><br>SALT LAKE COUNTY SHERIFF'S OFFICE et al.,<br><br>           Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-702 DB<br><br>District Judge Dee Benson |

Plaintiff, Kary L. Carter, a prisoner at Salt Lake County Adult Detention Center, filed this *pro se* civil rights suit.[1] Reviewing the complaint under § 1915A, the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a)   improperly names a Salt Lake County agency as a defendant, though it is not an independent legal entity that can sue or be sued.

(b)   does not identify an affirmative link between Salt Lake County Sheriff's Office and the violation of Plaintiff's civil rights.

(c)   states a claim against Salt Lake County Sheriff's Office, in violation of the municipal-liability doctrine (see below).

(f)   has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.  *See Lewis v. Casey*,

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

>518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[2]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[4]  Moreover, "it is not the

---

[2] Fed. R. Civ. P. 8(a).

[3] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

proper function of the Court to assume the role of advocate for a pro se litigant."[5]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[6]

Plaintiff should consider these points when refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or supplement.[7]  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9]  Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[10]  And, fourth, Plaintiff is warned that litigants who have had

---

[5] *Id.* at 1110.

[6] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[8] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, subordinate agencies of counties are not separate legal entities with capacity to sue or be sued.[11]  Thus, the Court construes Plaintiff's claim(s) against the Salt Lake County agency as claim(s) against Salt Lake County itself.

To establish the liability of municipal entities, such as Salt Lake County, under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."[12] Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*.[13]

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of Salt Lake County.  Thus, the Court concludes that Plaintiff's

---

[11]*See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (stating sheriff's and police departments are not usually considered legal entities subject to suit under § 1983).

[12]*Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

[13]*See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Complaint, as it stands, appears to fail to state claims against Salt Lake County.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 29th day of October, 2012.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court